IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

CONNECTEL, LLC

      Plaintiff,

v.

CISCO SYSTEMS, INC.,

      Defendant.

Civil Action No. 2-04CV-396

Hon. Leonard E. Davis

**DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO TRANSFER
TO THE EASTERN DISTRICT OF PENNSYLVANIA**

## I. INTRODUCTION

Defendant Cisco Systems, Inc. ("Cisco") submits this memorandum of law in support of its motion to transfer this action to Judge James Knoll Gardner in the United States District Court for the Eastern District of Pennsylvania. Judge Gardner has already presided over extensive proceedings involving plaintiff ConnecTel, LLC ("ConnecTel") and the same patented technology that ConnecTel asserts here. Judge Gardner even provided construction of claim terms. Cisco does not contest the jurisdiction of this Court to hear this matter, nor is Cisco's motion guided by a desire to leave this district. Rather, Cisco seeks transfer because another federal court has years of familiarity with the plaintiff and the technology. Transfer to a federal court familiar with these issues serves judicial economy and efficiency.

ConnecTel previously filed two lawsuits in the Eastern District of Pennsylvania for alleged infringement of the same patent family at issue in this case (U.S. Patent No. 6,016,307 (the "'307 patent") and its progeny). In its first Pennsylvania suit, Judge Gardner – after a summary judgment and claim construction hearing that included live expert testimony – issued a claim construction ruling adopting certain of the defendant's constructions for the '307 patent's claims. Judge Gardner rejected ConnecTel's positions. Judge Gardner then set a further hearing in connection with the pending motion for summary judgment of invalidity and noninfringement. Before that further hearing could occur, however, ConnecTel dismissed its lawsuit with prejudice and agreed not to sue the defendant's products again.

Three months later, ConnecTel filed this case against Cisco, in the Eastern District of Texas, even though (1) this action could have been brought before Judge Gardner in the Eastern District of Pennsylvania; and (2) neither ConnecTel nor Cisco have their home forum here (ConnecTel has operated out of the Eastern District of Pennsylvania and Florida, and Cisco's home is in California). It appears from the litigation record on its patents that ConnecTel was dissatisfied with Judge Gardner's decisions, and ConnecTel filed its case here to avoid its litigation history. It would be inefficient to require this Court to start anew with ConnecTel and

its patents, given the extensive knowledge and experience the Pennsylvania Court has with both ConnecTel and the technology at-issue. The interests of justice do not favor a litigant's use of forum selection to avoid substantive decisions of a United States District Court. Accordingly, it is in the interests of both justice and judicial economy to transfer this case to Judge Gardner in the Eastern District of Pennsylvania.

## II.   BACKGROUND FACTS

### A.   The Parties And The Patents-In-Suit

Cisco is a California corporation having its principal place of business and worldwide headquarters in San Jose, California, where it performs the majority of its research and development. *See* Woodward Decl. at ¶ 3.[1] ConnecTel is a Delaware limited liability company having what it claims are places of business in Horsham, Pennsylvania (which is within the Eastern District of Pennsylvania) and Miami, Florida. *See* Complaint at 2; Exh. B at 3 [ConnecTel's Opp. to Arbinet's Motion to Dismiss or Transfer]. ConnecTel's Horsham, Pennsylvania business was apparently comprised of a lawyer who sought revenues under ConnecTel's patents through licensing. *See* Exh. B at 5-6. ConnecTel's Florida office is in the home of Allen Kaplan, who is one of the two named inventors on the four patents-in-suit in this litigation. *See* Complaint at 2; Exh. B at 5. The patents-in-suit show that the other of the two named inventors is from Erie, Pennsylvania. *See, e.g.,* U.S. Patent No. 6,016,307 at 1.

The four patents-in-suit – U.S. Patent Nos. 6,016,307 (the "'307 patent"), 6,144,641 (the "'641 patent"), 6,456,594 (the "'594 patent"), and 6,473,404 (the "'404 patent"), attached as Exhibits C to F, respectively – purport to relate to one another and share the same specification and overlapping prosecution histories. *See id*. In its complaint, ConnecTel alleges that it is the assignee of all four of the patents-in-suit. *See* Complaint at 2. The '307 patent is the earliest issued and first filed of the four asserted patents.

---

[1]   All references to the "Woodward Decl." refer to the Declaration of Ginger S. Woodward In Support of Cisco Systems, Inc.'s Motion to Transfer to the Eastern District of Pennsylvania, attached as Exhibit A.

### B. ConnecTel's Prior Pennsylvania Lawsuits

Over four years ago, in May and June 2000, ConnecTel filed lawsuits in the Eastern District of Pennsylvania against different defendants alleging infringement of the '307 patent. *See* Exhs. G [ITXC case docket] and H [Arbinet case dockets].  These cases were: *ConnecTel, LLC v. ITXC, Inc.*, Civil Action No. 2:00-cv-02627 (the "ITXC case"), filed May 2000, and *ConnecTel, LLC v. Arbinet Holdings, et. al.*, Civil Action No. 00-CV-3354 (the "Arbinet case"), filed June 2000.  *See id.*

ConnecTel's case against ITXC was litigated for nearly four years in the Eastern District of Pennsylvania.  *See* Exh. G.  ConnecTel's case against ITXC was originally before Judge Stewart Dalzell, but was transferred to Judge Gardner on December 19, 2002.  *See id.*  Judge Gardner then presided over the next one-and-a-half years of proceedings on ConnecTel and its patent.  *See id.*

During the prior Pennsylvania proceedings, the parties engaged in extensive expert and factual discovery, as well as vigorous discovery motion practice.  *See id*.  There are numerous motions and other decisions from the Eastern District of Pennsylvania relating to discovery under the ConnecTel patents.  *See id.*

The parties also engaged in significant substantive motion practice before Judge Gardner. On February 17, 2004, Judge Gardner held a hearing directed to claim construction issues that had been presented by the defendant's motion for summary judgment of patent invalidity and noninfringement.  *See id.* at 11.  Judge Gardner was provided with testimony by experts concerning the technology and patent records at-issue.  On March 17, 2004, Judge Gardner issued a claim construction order and opinion with respect to certain of the issues presented by the '307 patent's claims and ITXC's accused products.  *See* Exh. I at 7-14 [March 17, 2004 Opinion].  As part of his Order, Judge Gardner deferred ruling on the merits of the summary judgment motion in order to first conduct a *Daubert* hearing on June 9, 2004, regarding whether to exclude ConnecTel's experts.  *See id*. at 15.  Before that further hearing could occur, however, ConnecTel agreed to settle its case against ITXC, under a settlement where, for no

compensation, ConnecTel agreed that it would no longer sue ITXC's accused products for infringing ConnecTel's patents. *See, e.g.,* Exh. J [Motion to Enforce Settlement Agreement at Exhibit G, p. 4].

In June 2000, ConnecTel filed a second Eastern District of Pennsylvania lawsuit against a different company – Arbinet Holdings – for alleged infringement of the '307 patent. *See* Exh. H at 2. In response to ConnecTel's complaint, Arbinet (a New York based company) moved to dismiss the case for lack of personal jurisdiction, or, in the alternative, transfer the case out of the Eastern District of Pennsylvania to the Southern District of New York. *See id*. at 3. ConnecTel opposed transfer out of Pennsylvania because ConnecTel allegedly had close connections with the Eastern District of Pennsylvania to support patent litigation there:

> All efforts to commercialize the '307 Patent are connected with the Eastern District of Pennsylvania . . . . Most of the documents relating to the licensing efforts and litigations are not in the inventor's home office in Miami but are in Connectel's Horsham [Pennsylvania] office (Kaplan Decl. at ¶ 9). In addition, other relevant documents are also located in the Horsham Office [sic] (Kaplan Decl. at ¶ 10); meetings are held in that office (Kaplan Decl. at ¶ 11); and, the phone number for the Horsham Office has been provided to companies which may practice the invention disclosed and claimed in the '307 Patent (Kaplan Decl. at ¶ 12). . . . Defendant's assertions to the contrary notwithstanding, Connectel clearly maintains a place of business in Horsham, Pennsylvania, arguably its principle [sic] place of business.

Exh. B at 7. The Arbinet litigation was ultimately transferred to the Southern District of New York and was dismissed with prejudice in November 2004. *See* Exh. H.

In that same month, about three months after ConnecTel stipulated to the dismissal of its four-year action against ITXC in Pennsylvania, ConnecTel filed this case against Cisco.

## III. ARGUMENT

28 U.S.C. § 1404(a) provides this Court with broad discretion to transfer this action to any district where it "might have been brought" originally.[2] *See* 28 U.S.C. § 1404(a); *Norwood v. Kirkpatrick*, 349 U.S. 29, 31-32 (1955) ("It is perfectly clear that the purpose of this section. . . was to grant broadly the power of transfer. . ."). In determining whether to transfer this action under 28 U.S.C. § 1404(a), the following two-pronged standard is presented to the Court: (1) whether this action "might have been brought" in the Eastern District of Pennsylvania; and (2) if so, whether the interests of justice and the convenience of the parties justify a transfer to the Eastern District of Pennsylvania. *See Norwood,* 349 U.S. at 31-32; *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966); *LG Electronics, Inc. v. Asustek Computers,* 126 F. Supp. 2d 414, 423 (E.D.Va. 2000). As shown below, both prongs of the standard strongly favor transfer of this action to Judge Gardner.

### A. ConnecTel's Current Action Against Cisco "Might Have Been Brought" In The Eastern District Of Pennsylvania

This action against Cisco "might have been brought" in the Eastern District of Pennsylvania because personal jurisdiction and venue are proper in that forum in this case. *See* 28 U.S.C. § 1404(a); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966); *LG Electronics Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 813 (E.D. Va. 2001) (An action "might have been brought" in a transferee district if personal jurisdiction and venue are proper there).[3] Cisco has a facility in the Eastern District (in Mavern, Pennsylvania) that provides sales and administration. *See* Woodward Decl. at ¶ 4. In addition, Cisco employs salespeople in the Eastern District who have home offices there. *Id.* Cisco also engages in marketing and

---

[2] 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

[3] In patent cases, personal jurisdiction is proper where the defendant has either (1) "continuous and systematic contact" with the forum state (in the case of general jurisdiction); or (2) committed acts of alleged infringement (specific jurisdiction). *See, e.g., Corry v. CFM Majestic Inc.,* 16 F. Supp. 2d 660, 663 (E.D. Va. 1998). Similarly, venue is proper (1) in any district where the defendant resides; or (2) where the defendant has committed acts of infringement and has a regular and established place of business. *See* 28 U.S.C. § 1400(b) (venue provision for patent cases); *see also* § 1391 (general venue provision).

advertising activities for its products in the Eastern District and Cisco sells its products there. *Id.* (ConnecTel generally accuses Cisco's products in the Complaint. *See* Complaint at ¶¶ 50, 68, 86, 104.) Accordingly, this action "might have been brought" in the Eastern District, satisfying the first prong of the transfer standard.

> **B.     Judicial Economy And The Interests Of Justice Justify A Transfer To The Eastern District Of Pennsylvania Because ConnecTel Already Litigated Its '307 Patent There**

This action should be transferred to the Eastern District of Pennsylvania because the first of the four allegedly related patents-in-suit (the '307 patent, which shares what appears to be an identical specification with the other three patents-in-suit) was extensively litigated in the Eastern District of Pennsylvania in *ConnecTel, LLC v. ITXC, Inc.*, Civil Action No. 2:00-cv-02627. *See* Exh. G.[4] In the ITXC case – which lasted over four years – the parties engaged in comprehensive fact and expert discovery, discovery motions and dispositive motion practice, which culminated in Judge Gardner's issuance of a claim construction ruling on certain terms in the '307 patent's claims. *See* Exh. I. Judge Gardner received testimony and attorney argument when evaluating the patent claims on the defendant's summary judgment motion of noninfringement and invalidity. *See, e.g.,* Exh. G. After Judge Gardner issued his decision that rejected ConnecTel's claim construction positions, ConnecTel scurried to settle its case before the defendant's summary judgment motion could be advanced through the *Daubert* hearing and decided on the merits. *See* Part II.B., above.

In circumstances such as these – *i.e.,* where a patent has been extensively litigated in another forum – transfer is favored to capitalize on the transferee court's familiarity with the facts, legal issues, and parties. *See, e.g., Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 55 (D.D.C. 2000) (granting transfer when "[t]he Honorable Vaughn R. Walker of the Northern

---

[4]     Courts may evaluate a variety of factors in determining whether the interests of justice and economy favor a discretionary transfer. Cisco bases its motion here on the overarching issues of the Pennsylvania court's prior familiarity with ConnecTel and its asserted technology.

7

District has already expended substantial time and effort to become familiar with the technology underlying the disputed patents, the prosecution of the patents, the record considered by the Patent Office in issuing the patents, and the legal issues related to the patents' alleged validity and infringement."); *LG Electronics, Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 814-815 (E.D.Va. 2001) (granting transfer in large part because district court in which patent had been previously litigated issued a claim construction ruling); *Atlantic Construction Fabrics, Inc. v. Metrochem, Inc.*, 2003 WL 22722866 *2 (W.D. Va. 2003) (granting transfer because two related proceedings that occurred in that district); *Wheeling-Pittsburgh Steel Corp. v. U.S. Environmental Protection Agency*, 1999 WL 111459 *4-5 (E.D. Pa. 1999) (granting transfer because plaintiff previously litigated similar issues in that forum).

Transfer is particularly appropriate where the transferee court previously construed the claims of a patent-in-suit to ensure that additional claim construction is consistent with the principles underlying the prior claim construction. *See, e.g., DataTreasury Corp. v. First Data Corp.,* 243 F. Supp. 2d 591, 596 (N.D. Tex. 2003) ("Having two different courts interpret the same patent claims would risk inconsistent claim construction rulings which, in turn, would promote uncertainty and impede the administration of justice.  This untenable prospect favors resolving related patent cases in the same forum whenever possible.").  The importance of consistency in claim construction relates to the fundamental "notice function" of the patent system and was addressed by the Supreme Court in *Markman v. Westview Instr., Inc.,* 517 U.S. 370 (1996):

> "[T]he limits of a patent must be known for the protection of the patentee, the encouragement of the inventive genius of others and the assurance that the subject of the patent will be dedicated ultimately to the public."  Otherwise, a "zone of uncertainty which enterprise and experimentation may enter only at the risk of infringement claims would discourage invention only a little less than unequivocal foreclosure of the field," (citation omitted) and "[t]he public [would] be deprived of rights supposed to belong to it, without being clearly told what it is that limits these rights." (citation omitted).

*See id.* at 390. Indeed, this Court previously recognized the importance of consistent claim constructions in transferring a patent infringement action to a transferee court that had previously construed the patent-in-suit:

> Besides being a duplicative use of scarce judicial resources, a second claim construction would risk inconsistent claim constructions, create greater uncertainty regarding the patent's scope, and impede the administration of justice. *See Data Treasury,* 243 F. Supp. 2d at 596.

*Logan v. Hormel Foods Corp., et al.,* Case No. 6:04-CV-211 (E.D. Tex. August 25, 2004) at 4 (attached as Exhibit K); *see also MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 458 (E.D. Tex. 2004) ("The prospect of inconsistent claim construction favors resolving related patent cases in the same forum when possible."). Such public interest considerations, as well as the concern for judicial economy, may be determinative, especially where overall the other relevant transfer factors are neutral. *See Logan* at 3 (Exh. K) citing *Regents of the Univ. of Cal. v. Eli Lilly & Co.,* 119 F.3d 1559, 1565 (Fed. Cir. 1997).

Given Judge Gardner's familiarity with ConnecTel, its alleged technology and patent family, the prior art, and common legal issues (including claim construction and invalidity issues), transfer is justified. Transfer will also help ensure that discovery ConnecTel provided in Pennsylvania is made fully available to Cisco in the present case. Simply put, transfer to Pennsylvania will promote judicial economy and serves the interests of justice.

    **C.**    **ConnecTel's Choice Of Forum Is Not Entitled To Deference That Outweighs The Stronger Interests Of Judicial Economy**

ConnecTel's choice of forum should not be entitled to particular deference over the significant judicial economy benefits of transfer because neither Cisco nor ConnecTel have their home forums here. *See, e.g., Kielczynski v. Consolidated Rail Corp.,* 837 F. Supp. 687, 689 (E.D. Pa. 1993) ("Ordinarily, there is a strong presumption in favor of the plaintiff's choice of forum, although where the plaintiff chooses a forum which is not his home forum, his choice should be given considerably less weight."); *Cognitronics Imaging Sys. Inc. v. Recognition*

9

*Research Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000) ("[w]hen a 'plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight.'"); *Corry v. CFM Majestic Inc.,* 16 F. Supp. 2d 660, 666 (E.D. Va. 1998) (no deference afforded because the plaintiff's choice of forum was neither the plaintiff's nor the defendant's home forum); *see also Rock Bit Int'l, Inc. v. Smith Int'l, Inc.*, 957 F. Supp. 843, 844 (E.D. Tex. 1997) ("This court, and many others, have ruled. . .that the usual deference accorded the plaintiff's choice of forum is of minimal value when none of the parties reside in this division of this District.").

ConnecTel has no relation to this forum. ConnecTel is a Delaware limited liability company that apparently has operated through the home of its principal, Mr. Kaplan, in Miami, Florida and through a lawyer's office in Pennsylvania. *See* Complaint at 2; Exh. B at 5. ConnecTel previously chose to file suit in the Eastern District of Pennsylvania on two occasions and opposed a motion to transfer out of that forum based on connections there. *See* Part II.B., above.

ConnecTel's principal reason for filing suit outside of Pennsylvania appears to have been to avoid Judge Gardner's prior rulings and the lengthy history behind ConnecTel and its patents in that forum. ConnecTel's desire to escape its litigation history in Pennsylvania should not earn deference for ConnecTel's decision to file suit here. *See Wheeling-Pittsburgh Steel Corp. v. EPA,* 1999 WL 111459 *3 (E.D. Pa. 1999) (not giving deference to plaintiff's choice of forum as plaintiff twice initiated similar litigation in the transferee forum it now seeks to avoid); *American Littoral Society v. EPA,* 943 F. Supp. 548, 551 (E.D. Pa. 1996) (deference to plaintiff's chosen forum was diminished by the fact that plaintiff had originally litigated matter in forum it later sought to avoid).

## D. The Other Factors Are Either Neutral Or Favor The Eastern District Of Pennsylvania

Although courts consider other factors in determining whether to transfer this case,[5] none of those factors favor this forum over the Eastern District of Pennsylvania. ConnecTel – which is a Delaware limited liability company – has no contacts with Texas of which we are aware. *See* Complaint at 2; Exh. B at 5. Neither of the inventors live in Texas. *See* '307 patent at 1 (Exh. C); Exh. B at 5. To the contrary, the patents-in-suit show that one of the two inventors is from Erie, Pennsylvania, and the other from Miami, Florida. *See, e.g.,* '307 patent at 1 (Exh. C). Similarly, ConnecTel opened offices in Miami and Horsham, Pennsylvania (which is within the Eastern District of Pennsylvania), and registered with the Commonwealth of Pennsylvania to conduct business there. *See* Exh. B at 6. ConnecTel has stated in the Arbinet litigation that all of ConnecTel's efforts to commercialize its inventive activity occurred in the Eastern District of Pennsylvania. Moreover, ConnecTel's attorney – who was both responsible for ConnecTel's prior licensing and litigation efforts – operated out of that office. *See id.* at 5-6. Perhaps most significantly, ConnecTel previously filed suit in the Eastern District on two separate occasions (in the ITXC case in May 2000 and in the Arbinet case in June 2000). In point of fact, in the Arbinet case, ConnecTel opposed Arbinet's motion to transfer the action out of the Eastern District of Pennsylvania. *See* Exh. B.

Cisco's home forum is elsewhere as well. Cisco is a California corporation, and has its principal place of business (as well as research and development) in San Jose, California, and therefore most (if not all) of Cisco's witnesses will likely be located in California. *See* Woodward Decl. at ¶ 3. In addition, Cisco does not distinguish between Pennsylvania and Texas in its product offerings, and therefore for purposes of ConnecTel's complaint (which generally

---

[5] In determining whether to transfer an action, courts may consider a mix of private and public interests, including ease of access to sources of proof, the availability of compulsory process for compelling attendance of unwilling witnesses, the costs of obtaining the attendance of willing witnesses, the extent to which congestion will slow trial of the case, the interest in having controversies resolved in a local forum, the familiarity of the court with the governing law, and the unfairness of burdening citizens in an unrelated forum with jury duty. *See Logan* at 4 (Exh. K); *Data Treasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591 (N.D. Tex. 2003).

accuses all of Cisco's "products"), Cisco is equally amenable to suit in both jurisdictions. *See id.* at 4.

At bottom, the majority of the sources of proof concerning the research, development, validity and enforceability of the patents-in-suit will likely be located in Pennsylvania, Florida and California (and not Texas). On balance, these factors support and certainly do not outweigh the strong judicial economy and public policy factors that overwhelmingly favor transfer.

### E. Cisco Brings This Motion Because Of The Extensive History And Record Before The Pennsylvania Court

Cisco is not contesting the jurisdiction of this Court to hear this case, nor filing its motion because it has any general desire to leave this forum. Rather, Cisco is filing this motion because the Pennsylvania court spent considerable time and effort over the four years of ConnecTel's prior case to address the substance of the technology at-issue and the discovery conduct of ConnecTel. Those years of history will be useful to ensure that full and proper discovery are provided to Cisco in this further case, and will help assure that materials produced in Pennsylvania are fully produced here. Litigation there will ensure that ConnecTel sticks to consistent positions. Further, through transfer, claim construction that will occur in the case with Cisco will be sure to proceed in a manner consistent with the Pennsylvania court's prior claim construction, advancing uniformity principles that have been recognized as important by the United States Supreme Court. Because this forum is neither party's home forum, and in light of the extensive record already developed in Pennsylvania, Cisco believes that a transfer to Pennsylvania is both just and efficient in this particular case.

## IV. CONCLUSION

For all the foregoing reasons, Cisco respectfully asks this Court to transfer this case to Judge James Knoll Gardner in the United States District Court for the Eastern District of Pennsylvania.

Dated: December 22, 2004

Respectfully submitted,

**McKOOL SMITH, P.C.**

/s/Sam Baxter

By: _____
   Sam F. Baxter
   Attorney-In-Charge for Defendant
   State Bar No. 01938000
   505 East Travis Street, Suite 105
   P.O. Box O
   Marshall, Texas 75670
   Telephone: (903) 927-2111
   Facsimile: (903) 927-2622
   E-Mail: Sbaxter@mckoolsmith.com

   Attorneys for Defendant
   CISCO SYSTEMS, INC.

Of Counsel:

John M. Desmarais
jdesmarais@kirkland.com
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Eric R. Lamison
elamison@kirkland.com
Adam R. Alper
aalper@kirkland.com
Ryan J. Casamiquela
rcasamiquela@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel listed below via ECF or U.S. Mail on this 22nd day of December, 2004.

/s/ Sam Baxter
Sam Baxter

Daniel F. Perez
Mark Allan Calhoun
Sanford E. Warren, Jr.
Winstead Sechrest & Minick P.C.
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270

## **CERTIFICATE OF CONFERENCE**

Counsel for Cisco has conferred with counsel for ConnecTel in a good faith attempt to resolve this motion.  However, this motion is opposed by ConnecTel.

/s/ Sam Baxter
Sam Baxter
