IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CONNECTEL, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:04-CV-396-LED |
| | § | |
| CISCO SYSTEMS, INC. | § | |
| | § | JUDGE DAVIS |
| Defendant. | § | |
| | § | |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PATENT RULE 3-1 PRELIMINARY INFRINGEMENT CONTENTIONS**

WINSTEAD SECHREST & MINICK P.C.
Daniel F. Perez
Texas Bar No. 15776380
Mark Alan Calhoun
Texas Bar No. 03641500
Sanford E. Warren, Jr.
Texas Bar No. 20888690
5400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270-2199
(214) 754-5400
(214)745-5390 (fax)


POTTER MINTON, P.C.
E. Glenn Thames, Jr.
Texas Bar No. 00785087
PO Box 359
500 Plaza Tower
110 N. College
Tyler, Texas 75702
(903) 597-8311
(903) 593-0846 (fax)

**ATTORNEYS FOR PLAINTIFF**

## I. PRELIMINARY STATEMENT

Cisco erroneously argues that ConnecTel's Preliminary Infringement Contentions are insufficient.[1] Cisco is wrong. Instead, ConnecTel followed this Court's precedent set forth in *STMicroelectronics* and *American Video Graphics* and complied with Patent Rule 3-1.[2] As required, in its Preliminary Infringement Contentions, ConnecTel identified each Cisco product that infringes the patents *by product number, product family, and included specific descriptions of the products*, and provided element-by-element claim chart comparisons for Cisco's infringing products.[3] As articulated by this Court's two published opinions, this clearly put Cisco on notice of Cisco's accused products and ConnecTel's preliminary infringement theories.[4]

### A. ConnecTel's Preliminary Infringement Contentions Exceed the Requirements of Patent Rule 3-1.

ConnecTel identified specific Cisco products and product families that infringe the patents.[5] Indeed, ConnecTel went beyond its obligation by providing Cisco with four (4) binders containing product specification sheets regarding Cisco's accused products.[6]

In fact, ConnecTel provided a detailed claim chart describing, in element-by-element

---

[1] *See, e.g.*, Defendant Cisco Systems, Inc.'s Reply in Support of Its Motion to Compel Patent Rule 3-1 Preliminary Infringement Contentions ("Cisco's Reply").

[2] *See STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp.2d 754, 755 (E.D. Texas 2004) (Davis, J.) (emphasis added). *See, e.g., American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp.2d 558 (E.D. Tex. 2005) (Davis, J.).

[3] *See* Plaintiff's Response in Opposition to Defendant's Motion to Compel Patent Rule 3-1 Preliminary Infringement Contentions ("Plaintiff's Response"), § B 1 and accompanying charts for an in-depth discussion and examples of ConnecTel's detailed element-by-element claim chart comparisons for Cisco's infringing products.

[4] *See supra* n.2. Furthermore, in its Reply, Cisco misrepresents to this Court that ConnecTel is improperly seeking "future royalties" to "promote its case in the media." Cisco's Reply n.1. Cisco is again wrong. ConnecTel's Amended Complaint reflects Cisco's position set forth in its Initial Disclosures that injunctive relief was not permitted in this case. *See* Cisco's Initial Disclosures in Compliance with Paragraph 1 of the Court's Order, p. 10. Accordingly, ConnecTel amended its Complaint to allow for future damages as an alternative form of relief.

[5] *See supra* n. 3.

[6] In its Motion to Compel Patent Rule 3-1 Preliminary Infringement Contentions ("Motion to Compel"), Cisco completely disregards the content of binders provided by ConnecTel.

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PATENT RULE 3-1 PRELIMINARY INFRINGEMENT CONTENTIONS – Page 1**

detail how Cisco's accused products and processes infringe the patents.[7] Even though ConnecTel does not have access to Cisco's source code and other confidential information in the exclusive possession of Cisco, ConnecTel specifically identified the Cisco products that infringe the patents.[8] ConnecTel made every effort to provide Cisco what it needed. Despite offers by counsel for ConnecTel to continue the meet and confer process,[9] Cisco *declined* to participate in any further teleconferences to resolve the issues.[10] Instead of cooperating and continuing the meet and confer process with ConnecTel's counsel, Cisco's counsel spent three weeks preparing this Motion.[11]

The information in ConnecTel's Preliminary Infringement Contentions specifically identifies Cisco accused products *by product name, product family, and include specific descriptions of the products.*[12] Thus, ConnecTel satisfied Rule 3-1 by putting Cisco on notice regarding Cisco's accused products and ConnecTel's preliminary theories of infringement.[13] Cisco's own documents prove this point. Specifically, as clearly evidenced by Cisco's recently served Preliminary Invalidity Contentions comprising three (3) banker's boxes of claim charts and slightly more than one hundred thousand (100,000) pages of documents, Cisco received sufficient notice of ConnecTel's theories of infringement to allow Cisco to voluminously articulate its theories of invalidity.

---

[7] See Exhibit A attached to Plaintiff's Response and § B 1 and accompanying charts for examples of the detail involved in ConnecTel's element-by-element claim chart comparisons for Cisco's infringing products.

[8] Cisco's arguments that some of ConnecTel's claims are somehow improperly conditional is unfounded. *See* Motion to Compel, p. 11; *See, e,g.,* ConnecTel's Reply. ConnecTel clearly indicates on its claim chart why and how each Cisco product is infringing ConnecTel's patents.

[9] *Id.*

[10] See Letter from Eric R. Lamison to Daniel F. Perez, dated April 1, 2005 ("Letter 3"), Plaintiff's Response, Exhibit D ("Although we appreciate your offer to continue ongoing discussion, we do not believe continuing discussion will resolve the concerns we have expressed.").

[11] On March 30, 2005, ConnecTel provided additional information to Cisco to assist Cisco in streamlining the discovery process. On April 1, 2005, Cisco declined ConnecTel's offer to continue the meet and confer process. Cisco filed its Motion on April 21, 2005 – three weeks after Cisco declined to continue the meet and confer process.

[12] *See supra* n.3.

[13] *See STMicroelectronics*, 308 F. Supp.2d at 755-56; *American Video Graphics, L.P.*, 359 F. Supp.2d at 559-561.

B.  **Additional Information for More Detailed Contentions is in Cisco's Exclusive Possession or Control.**

Importantly, much of the information necessary for ConnecTel to compile its final infringement allegations (e.g., source code and other confidential information) is still within the exclusive control of Cisco.[14]  ConnecTel spent weeks working on getting the Protective Order entered in this case.  In fact, ConnecTel was willing to incorporate additional sections to this Court's Standard Protective Order to accommodate Cisco's counsel's concerns over protecting Cisco's source code.  Because of Cisco's need for a Protective Order that covers source code, the Protective Order was not entered in this case until May 9, 2005.  Because of this delay, ConnecTel has just received some of Cisco's production documents and just received confirmation by Cisco of the location for viewing Cisco's source code.[15]  Simply stated, ConnecTel has not yet had access to highly confidential information in Cisco's exclusive control.  Accordingly, Cisco's requested information will be revealed in due course in discovery, allowing ConnecTel to supplement its infringement contentions at a later date.[16]  Nevertheless, ConnecTel has provided its theory of infringement of the patents with sufficient specificity to notify

---

[14] The parties have spent a significant amount of time discussing production of source code and other materials designated as "Confidential – Attorneys Eyes Only."  *See, e.g.*, Letter from Garreth A. Sarosi to Adam R. Alper, dated April 20, 2005 ("Letter 4") (regarding documents), attached to Plaintiff's Response as <u>Exhibit E</u>; Letter from Garreth A. Sarosi to Adam R. Alper, dated April 26, 2005 ("Letter 5") (regarding documents), attached to Plaintiff's Response as <u>Exhibit F</u>; Letter from Adam R. Alper to Garreth A. Sarosi, dated April 26, 2005 ("Letter 6") (regarding documents and protective order issues), attached to Plaintiff's Response as <u>Exhibit G</u>.  After lengthy discussions regarding access to source code and other confidential materials, the parties have agreed to a protective order for entry with the Court.  *See* letter from Garreth A. Sarosi to Adam R. Alper, dated May 3, 2005 ("Letter 7"), attached to Plaintiff's Response as <u>Exhibit H</u>.

[15] *See* Letter from Adam R. Alpert to Garreth Sarosi, dated May 13, 2005 (stating Cisco's source code is now available for review at McKool Smith's Dallas office).

[16] In *STMicroelectronics*, this Court declined to impose a requirement on plaintiffs that they "reverse engineer" the defendant's infringing products, further explaining that "the Patent Rules allow for an initial disclosure with additional detail supplemented in later disclosures because those rules allow parties to supplement their preliminary infringement contentions when technical information is produced during discovery pursuant to Patent Rule 3-4."  *STMicroelectronics*, 308 F. Supp.2d at 756; *See also* Patent Rule 3-6 (providing for "Final Contentions" thirty (30) days after the Court's *Markman* ruling).

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PATENT RULE 3-1 PRELIMINARY INFRINGEMENT CONTENTIONS – Page 3**

Defendant of the accused Cisco products and processes.[17]

As this Court has made clear, Rule 3-1 does not require a *final* identification of accused products, rather, Rule 3-1 merely requires sufficient specificity to put an accused infringer on notice as to its infringement.[18]  Accordingly, ConnecTel's Preliminary Infringement Contentions certainly put Cisco on notice regarding Cisco's infringing products and ConnecTel's preliminary infringement theories, thereby complying with Rule 3-1.[19]

D.    *Network Caching* **Is Inapposite to This Case.** [20]

Notwithstanding Cisco's blatant effort to disguise its Rule 11 argument as a Patent Rule 3-1 issue, Cisco concedes that its argument is entirely based on an *unpublished* opinion of the Northern District of California in *Network Caching Technology, LLC v. Novell, Inc.*[21]  Cisco does not – because it cannot – cite any other case for the proposition that ConnecTel must disclose all facts, including core work product, in its preliminary infringement contentions.[22]  In fact, even *Network Caching Tech., LLC* does not say that.[23]  Further, Cisco's citation to *attorney-client privilege* cases is misplaced—ConnecTel stated that the *work product doctrine* protects

---

[17] *STMicroelectronics* at 756; *see also* <u>Exhibit A</u> attached to Plaintiff's Response.
[18] *See STMicroelectronics*, 308 F. Supp.2d at 754-56. *(*declining to impose a requirement on plaintiffs that they "reverse engineer" the defendant's infringing products, stating "the Patent Rules allow for an initial disclosure with additional detail supplemented in later disclosures because those rules allow parties to supplement their preliminary infringement contentions when technical information is produced during discovery pursuant to Patent Rule 3-4.").
[19] *See STMicroelectronics*, 308 F. Supp.2d at 754-56.
[20] ConnecTel has satisfied its obligations concerning disclosure in its preliminary infringement contentions of facts obtained from its pre-filing investigation.  Cisco improperly and erroneously suggests that ConnecTel's alleged failure to "determine that each element of each asserted claim is infringed by each accused product" also violates Rule 11.  Cisco's argument is a red-herring – Cisco is aware it must make any Rule 11 argument by filing a separate motion and must give ConnecTel twenty-one (21) days to cure any perceived deficiencies.  *See* Fed. R. Civ. P. 11(c)(1)(A).  ConnecTel maintains that it has satisfied all obligations under Rule 11 and Patent Rule 3-1.
[21] *See* Cisco Reply at 6.  *See Network Caching Tech., LLC v. Novell, Inc.*, 2002 WL 32126128, at *4 (N.D. Cal. Aug. 13, 2002).
[22] *See id.*
[23] *See id.*  The language from the opinion cited in Cisco's brief unequivocally demonstrates that the court in *Network Caching Tech., LLC* was merely purporting to provide a standard for the level of detail of preliminary infringement contentions, and not, as Cisco suggests, a blanket disclosure requirement superseding well-established evidentiary privileges--"Thus, the standard of *FRCP 11 prefiling inquiry establishes a minimum level of detail that Patent LR 3-1 requires.*"  *See id*

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PATENT RULE 3-1 PRELIMINARY INFRINGEMENT CONTENTIONS – Page 4**

certain information gathered by ConnecTel in its pre-filing inquiry.[24] The case law supports ConnecTel's position. Specifically, courts have repeatedly provided work product protection to parties like ConnecTel as to certain facts acquired in pre-suit investigations.[25] Accordingly, ConnecTel is not required to disclose in its preliminary infringement contentions *work product information*. Clearly, the *Network Caching Tech., LLC* opinion is contrary to the well-established jurisprudence that Rule 11 imposes only certain reasonable pre-filing obligations on ConnecTel.[26] ConnecTel met those obligations.[27]

## II.   CONCLUSION

ConnecTel has acted consistent with what this Court requires. First, ConnecTel followed this Court's precedent and complied with Patent Rule 3-1.[28] Second, ConnecTel attempted to meet and confer with Cisco's counsel to resolve the issues in good faith without Court intervention. Unfortunately, Cisco has failed to honor these mandates of this Court.[29] Therefore, Defendant's Motion to Compel Patent Rule 3-1 Preliminary Infringement Contentions should be denied and ConnecTel should be awarded attorney's fees associated with defending this motion.

---

[24] *See* ConnecTel Response at 13.
[25] The same court that decided *Network Caching Tech., LLC* recognized that certain pre-filing facts can be privileged. *See POSTX Corp. v. Secure Data In Motion, Inc., d/b/a Sigaba*, 2004 U.S. Dist. LEXIS 24260, *19-20 (N.D. Cal. Nov. 20, 2004) (even where plaintiff's pre-filing conduct was at issue, denying motion to compel documents and testimony on grounds of attorney-client and work product privileges). *See also Vista Mfg., Inc. v. Trac-4*, 131 F.R.D. 134, 137-38 (N.D. Ind. 1990) ("A plaintiff should not be required to lay bare its case, or reveal its work product, simply because a Rule 11 motion is lodged against it."). *See also Hickman v. Taylor*, 329 U.S. 495, 509-513, 91 L. Ed. 451, 67 S. Ct. 385 (1947); *Kent Corp. v. NLRB*, 530 F.2d 612, 624 (5th Cir. 1976). Cisco has made no showing that ConnecTel has withheld pre-filing facts and its arguments are unfounded.
[26] *See Chipanno v. Champion Int'l Corp.*, 702 F.2d 827, 831 (9th Cir. 1983) (Rule 11 is not intended to be a discovery device); *Vista Mfg., Inc.*, 131 F.R.D. at 137-38.
[27] Interestingly, Cisco has not honored its own obligations under Rule 11 to raise any Rule 11 argument by separate motion and with 21 days notice to ConnecTel. *See* ConnecTel Response at 13, n. 49.
[28] *See STMicroelectronics*, 308 F. Supp.2d at 755; *American Video Graphic*, 359 F. Supp.2d at 558.
[29] *See* Letter from Eric R. Lamison to Daniel F. Perez, dated April 1, 2005 ("Letter 3"), Plaintiff's Response, <u>Exhibit D</u> ("Although we appreciate your offer to continue ongoing discussion, we do not believe continuing discussion will resolve the concerns we have expressed."); *see also* Court's Discovery Order, entered February 18, 2005, Other Limitations Section (b), (stating "[t]he Court will refuse to entertain any motion to compel discovery ... unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a *good faith* attempt to resolve this matter.") (emphasis added).

---

Respectfully submitted,

*[signature]*

WINSTEAD SECHREST & MINICK P.C.
Daniel F. Perez
Texas Bar No. 15776380
Mark Alan Calhoun
Texas Bar No. 03641500
Sanford E. Warren, Jr.
Texas Bar No. 20888690
5400 Renaissance Tower
1201 Elm Street
Dallas, TX  75270-2199
(214) 754-5400
(214)745-5390 (fax)

POTTER MINTON, P.C.
E. Glenn Thames, Jr.
Texas Bar No.  00785087
PO Box 359
500 Plaza Tower
110 N. College
Tyler, Texas 75702
(903) 597-8311
(903) 593-0846 (fax)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing has been forwarded by ECF to the following attorney of record on this 16th day of May, 2005:

Sam F. Baxter, Esq.
State Bar No. 01938000
McKOOL SMITH, P.C.
505 East Travis Street, Suite 105
P.O. Box O
Marshall, Texas 75670

Eric Lamison, Esq.
KIRKLAND & ELLIS, LLP
555 California Street
San Francisco, CA 94104

　　　　　　　　　　　　　　　　　Jennifer L. Murphy

PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PATENT
RULE 3-1 PRELIMINARY INFRINGEMENT CONTENTIONS – Page 7

Dallas_1\4166995\3
43366-1 5/16/2005