IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CONNECTEL, LLC<br>    Plaintiff<br><br>vs.<br><br>CISCO SYSTEMS, INC.<br>    Defendant | §<br>§<br>§<br>§<br>§   CASE NO. 2:04-CV-396<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Cisco Systems, Inc.'s ("Defendant" or "Cisco") Motion to Compel Patent Rule 3-1 Preliminary Infringement Contentions (Docket No. 40). Having considered the parties written submissions and oral arguments, the Court now memorializes its ruling from the bench, **GRANTING** Cisco's motion. The Court **ORDERS** Plaintiff ConnecTel, LLC ("Plaintiff" or "ConnecTel") to supplement its preliminary infringement contentions ("PICs") within sixty (60) days of the May 18, 2005 hearing. The Court **ORDERS** the parties to file their Joint Claim Construction and Prehearing Statement within thirty (30) days of Cisco receiving ConnecTel's amended PICs. Other pre-*Markman* deadlines have been adjusted to accommodate these changes. The new set of deadlines can be found in the Court's amended Docket Control Order (Docket No. 60).

### BACKGROUND

ConnecTel alleges that over 100 Cisco products infringe the 120 claims contained in the four patents-at-issue. Although ConnecTel provided Cisco with PICs, Cisco asserts that these PICs do

1

not comply with Local Patent Rule 3-1(c)[1] for at least four reasons. First, ConnecTel's PICs do not provide a chart for each product. Instead, four charts – broken into the generic categories of routers, switches, gateways/other products, and Cisco IOS software – are provided for the over 100 accused products. Second, the charts simply mimic the claim language of the patents-at-issue, rather than explaining how the accused products infringe the patents-at-issue. Third, despite providing over 600 footnotes, none of the footnotes state where any elements of the asserted claims can be found in the accused infringing products. ConnecTel's footnotes provide about a dozen string cites to multiple pages of Cisco product manuals and third-party publications. The remaining six hundred footnotes simply refer back to the same handful of string cites. Fourth, ConnecTel's citations to Cisco product manuals and third-party publications do not specifically identify where in this literature any elements of the asserted claims are found. Cisco therefore asks the Court to issue an order compelling ConnecTel to serve PICs "identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." *See* PATENT RULE 3-1(c).

## ANALYSIS

"The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun." *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005)(Davis, J.). Patent Rule 3-1 requires the plaintiff to state "specific

---

[1] Local Patent Rule 3-1(c) states that "a party claiming patent infringement must serve on all parties . . . a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function." PATENT RULE 3-1(c). A complete listing of the Patent Rules can be found under "Local Rules" as "Appendix M" on the Eastern District's website at http://www.txed.uscourts.gov.

theories of infringement" in their PICs. *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004)(Davis, J.). Specific theories create a specific trajectory for the case. When parties accuse hundreds of products of infringing hundreds of claims, and only narrow those accusations after discovery, the case staggers for months without clear direction. However, when parties formulate, test, and crystallize their infringement theories before stating their preliminary infringement contentions, as the Patent Rules require, the case takes a clear path, focusing discovery on building precise final infringement or invalidity contentions and narrowing issues for *Markman,* summary judgment, trial, and beyond.

Compliance with Patent Rule 3-1 therefore demands PICs that set forth "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves." *Id.* PICs providing vague, conclusory language or simply mimicking the language of the claims when identifying infringement fail to comply with Patent Rule 3-1. *Id.* Although these infringement contentions are by their very name preliminary, more than a perfunctory submission is required. Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement.

Contrary to ConnecTel's assertions, the Court has never condoned lower standards. Although the Court did note in *STMicroelectronics* "that the Patent Rules allow for an initial disclosure with additional detail supplemented in later disclosures because those rules allow parties to supplement their preliminary infringement contentions [with] technical information [ ] produced during discovery," vague disclosures that threaten the orderly progression of discovery were never at issue in that case. 308 F. Supp. 2d at 756. The PICs in *STMicroelectronics* provided sufficient

detail to apprise the counter-defendants of its specific theories of infringement. Here, in contrast, ConnecTel has made shotgun accusations of hundreds of products infringing hundreds of claims.

Similarly, the Court in *American Video Graphics* ordered the plaintiff to serve supplemental PICs after conducting discovery and reviewing source code. *See* 359 F. Supp. 2d at 560-61. However, the initially-served PICs in that case – which dealt with the infringement of graphic processes in video games – were replete with details and specific theories of infringement. The plaintiff in that case did not just allege infringement of hundreds of video games, submit those games' user manuals as evidence, and expect to narrow its claims upon the receipt of source code. Before serving PICs, and indeed even before bringing suit, the plaintiff's experts played hundreds of video games to identify infringing graphic processes, and more importantly, to rule out many non-infringing processes. Because the initially-served PICs were detailed, discovery was circumscribed, with plaintiff only wanting to view precise pieces of source code to build its case. The Court viewed plaintiff's pre-suit diligence with favor and when facing a motion to compel compliance with Patent Rule 3-1, ordered the plaintiff to submit supplemental PICs only after reviewing source code, reasoning that the source code was necessary to fill the gaps expected when one alleges infringement of software products without access to confidential information. *See id.*

The Court concludes that ConnecTel has not met the standards articulated in *STMicroelectronics* and *American Video Graphics*, and therefore is not in compliance with Patent Rule 3-1. The charts in ConnecTel's PICs do not refer in their text to a single structure, process, algorithm, feature or function of any accused product. ConnecTel provides no explanation of how Cisco's accused infringing products read on the asserted claim language. Because of these deficiencies, Cisco is unable to crystalize its non-infringement and invalidity theories, and the parties

are hindered in identifying what claim terms need construction. Quite simply, ConnecTel needs to provide much greater detail in its PICs in order to comply with Patent Rule 3-1.

In their supplemental PICs, the Court **ORDERS** ConnecTel to designate exemplar accused infringing products and compare those products to each asserted patent on a claim by claim, element by element basis. The Court additionally **ORDERS** ConnecTel to highlight – as they did during oral argument – the text of every piece of cited literature where elements of the asserted claims are found. Since ConnecTel is currently receiving source code from Cisco, the Court will expect even greater specificity in this late supplementation. ConnecTel should within sixty days of the May 18th hearing serve supplemented PICs in compliance with the Court's orders and instructions, with joint claim construction submissions and pre-*Markman* hearing statements then due thirty days later. Other discovery and pre-*Markman* deadlines are accordingly adjusted and are found in the Court's amended docket control order.

## CONCLUSION

The Court **GRANTS** Cisco's motion and **ORDERS** ConnecTel to comply with Patent Rule 3-1, pursuant to the above orders and guidelines. The Court expects both parties to act in a professional manner, meeting and conferring when necessary to resolve any additional disputes surrounding ConnecTel's PICs.

**So ORDERED and SIGNED this 23rd day of May, 2005.**

_____
LEONARD DAVIS
UNITED STATES DISTRICT JUDGE